IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

YAHOSHUA-YISRAEL: YAHWEH,
EX RELATIONE AZEZ ELLIS, JR.                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:13CV039-NBB-SAA

NORTHCENTRAL ELECTRIC POWER
ASSOCIATION, ELECTRIC POWER
ASSOCIATIONS OF MISSISSIPPI,
ET AL.                                                                           DEFENDANTS

**MEMORANDUM OPINION**

Came on to be considered this day the defendants' motions to dismiss and motion for sanctions. Upon due consideration of the motions, responses, and applicable authority, and being fully advised in the premises, the court is ready to rule.

The plaintiff, "Yahoshua-Yisrael: Yahweh, *Ex Relatione* Azez Ellis, Jr."[1] brings this action against Northcentral Electric Power Association ("NEPA"), Electric Power Associations of Mississippi ("EPAM"), and various individual defendants associated with these organizations, via a complaint that is, as the EPAM defendants note, "long, confusing, and incomprehensible for the most part." In what appears to be more of a manifesto than a legal complaint, Ellis first engages in a lengthy ecclesiastical discussion regarding, inter alia, Hebrew genealogy and the alleged biblical roots of American government. He then attempts to set forth his claims which include, among others, Racketeer Influenced and Corrupt Organization (RICO) Act violations, violations of the Sherman Antitrust Act, federal tax law violations, fraud, hate crimes, and

---

[1]Rule 17 of the Federal Rules of Civil Procedure requires an action to be brought in the name of the real party in interest. "Yahweh" is attempting to prosecute this action on behalf of Azez Ellis, Jr., which appears to be the plaintiff's true name, and "Yahweh" and Ellis appear to be the same person. The court will refer to the plaintiff as "Ellis" in this opinion. The court cautions "Yahweh" that if he is not an attorney (and is not the same person as Ellis), he is forbidden from filing complaints on behalf of others.

extortion. Further, in an affidavit in support of his complaint, he asserts, inter alia, that "[t]here is no money, only credit that the American people are the creditors"; "[t]his means there 'IS NO MONEY'"; "[i]t further means that since there is no money, Americans' signatures are used as the credit to run this country"; "[a]ll utilities companies knowingly have been sending their [customers] dividends but, in fact, making each recipient believe that dividend was an invoice for services provided by the utilities companies." The plaintiff has demanded $100,000,000 in U.S. silver dollars and/or 0.999 pure gold or silver coin/bullion.

The complaint and affidavit contain a litany of legal conclusions, inapplicable law, and speculative and conclusory allegations but are devoid of substantial factual allegations that support a cause of action. Essentially, it appears that Ellis was a customer of defendant NEPA when, on October 4, 2012, with his account outstanding in excess of forty-five days and $791.84 overdue, NEPA terminated his electric service. Subsequently, the plaintiff made payments via checks which were returned to NEPA for insufficient funds. On October 15, 2012, NEPA received a letter via certified mail entitled "Notary's Certificate of Services" from Linda Walker "on behalf of Azez W. Ellis, Jr., American Citizen," along with a check made payable to "Northcentral EPA" in the amount of $8,053.40 and the billing coupon for the plaintiff's account. This attempted payment far exceeded the amount outstanding on the plaintiff's account and could not be accepted by NEPA. NEPA therefore returned the check to the plaintiff.

On October 31, 2012, NEPA received a letter from the plaintiff demanding that NEPA accept the October 15 payment and threatening to file a lawsuit regarding the matter. The plaintiff then filed this action on February 6, 2013. The Magistrate Judge granted the plaintiff's motion to proceed *in forma pauperis* on March 4, 2013.

2

The court finds that the plaintiff's complaint has no realistic chance for success and presents no arguably sound basis in law and fact. The court further finds that the plaintiff can prove no set of facts which would entitle him to relief in this case. For these reasons, the court finds that the plaintiff's claims are frivolous and must be dismissed as such. *See James v. Alfred*, 835 F.2d 605, 606 (5th Cir. 1988).

The court further finds that the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," and his complaint must also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The EPAM defendants have moved for sanctions based on the plaintiff's response to their motion to dismiss in which the plaintiff refers to EPAM counsel as "You Devils in Office" and "you wicked Luciferian creatures" and threatens to "turn Your asses in to The Internal Revenue Service for Evading Taxes" if the EPAM defendants do not withdraw their motion to dismiss. The plaintiff made a similar threat to defendant Northcentral and did, in fact, follow through on his threat by making false assertions to the IRS.

The court denies the EPAM defendants' motion for sanctions and an injunction at this time but warns the plaintiff that if he continues to make such threats or takes any action in furtherance of these threats, the court will allow the defendants to reurge this motion, and it will be granted.

For the foregoing reasons, the court finds that the defendants' motions to dismiss are well taken and should be granted. The court further finds that the EPAM defendants' motion for

sanctions should be denied at this time. A separate judgment in accord with this opinion shall issue this day.

This, the 27th day of March, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**